UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JOHNNY COPLEY           (
                        (     Case No. 1:12-cv-385
v.                      (     Collier/Carter
                        (
KENNY TAYLOR            (

REPORT and RECOMMENDATION

I. Introduction

Plaintiff Johnny Copley has applied to proceed *in forma pauperis* [Doc. 1] in this action. For the reasons that follow, it is RECOMMENDED plaintiff's motion to proceed *in forma pauperis* be DENIED and this action be DISMISSED without prejudice.

II. Analysis

The Court has the responsibility to screen all actions filed by plaintiffs seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550

U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's complaint is very brief and handwritten on a form entitled, "Complaint for Violation of Civil Rights (42 U.S.C. Section 1983)." (*See* Complaint, Page ID # 3.) In it, plaintiff identifies the defendant as one Kenny Taylor, owner of "Taylor Heat and Air." Plaintiff also identifies his brother, James Copley, as a "witness" who "works for Kenny." (*See* Complaint, Page ID # 5.) Plaintiff then states, "In McMinnville, Tenn, [sic] my mother died and left me & my brother. I would like to make him pay me the rest of the money for my mother's house. It's $2,000 plus another $1.000 for the work I'm having to do to sue for it. $3,000 [sic]." *See* Complaint, Page ID # 5. There is no other information in the complaint about why the plaintiff is suing the defendant.

42 U.S.C. § 1983 (Section 1983 or § 1983) is a remedial statute which does not itself create independent substantive legal rights. Section 1983 simply provides a vehicle by which a person may recover damages for a violation of his rights secured to him by federal law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege,or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir.1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a

2

plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir.1997); *Horn v. Madison County Fiscal Court,* 22 F.3d 653, 659 (6th Cir.1994).

It appears plaintiff is attempting to allege a cause of action against Kenny Taylor pursuant to Section 1983. However, plaintiff has not alleged any of the required elements in his complaint. He has not alleged facts to show Taylor is a state actor. He has not identified a right, privilege, or immunity secured by the Constitution or laws of the United States of which Taylor is allegedly depriving him. He has not alleged conduct on the part of Taylor which would explain why Taylor owes the plaintiff money. In sum, plaintiff's complaint fails to state a claim for which relief can be granted under Section 1983.

### III. Conclusion

Having completed a review of this complaint pursuant to 28 U.S.C. § 1915(e)(2), it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis* be DENIED and that this action be DISMISSED without prejudice for failure to state a claim for which relief can be granted.

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE